UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                Case No.: 8:12-cr-153-VMC-AEP

JAIMIE RAY BUCKALEW

_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Jaimie Ray Buckalew's Motion for Reduced Sentence (Doc. # 72), filed on December 11, 2025. The United States of America responded on December 31, 2025. (Doc. # 75). Mr. Buckalew replied on January 15, 2026. (Doc. # 78). For the reasons set forth below, the Motion is granted to the extent that the Court reduces Mr. Buckalew's term of imprisonment to 211 months.

I.  **Background**

On March 27, 2013, the Court sentenced Mr. Buckalew to a mandatory 300-month term of imprisonment for possession with intent to distribute 50 grams or more of methamphetamine (Count One) and possession of a firearm during a drug

1

trafficking crime (Count Two). (Doc. ## 41, 42). Mr. Buckalew is 43 years old.[1]

Now, Mr. Buckalew seeks compassionate release from prison under Section 3582(c)(1)(A). (Doc. # 72). He argues that compassionate release is appropriate because his 300-month sentence is longer than the sentence he would receive today and the "gross disparity created by the First Step Act's § 841 changes [] is precisely the sort of disparity the Sentencing Commission had in mind when it promulgated § 1B1.13(b)(6)." (Id. at 7-8). He also emphasizes his rehabilitative efforts while in prison and his family support. (Id. at 13-14, 17).

The United States has responded (Doc. # 75), and Mr. Buckalew has replied. (Doc. # 78). The Motion is now ripe for review.

II. **Discussion**

The United States argues that the Motion should be denied because Mr. Buckalew has not established an extraordinary and compelling reason for compassionate release. (Doc. # 75). The Court disagrees.

---

[1] This information was obtained using the Bureau of Prisons' online inmate locator. See https://www.bop.gov/inmateloc/.

2

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010). The First Step Act of 2018 expressly permits district courts to reduce a previously imposed term of imprisonment. United States v. Jones, 962 F.3d 1290, 1297 (11th Cir. 2020). If the exhaustion requirement is satisfied, a district court may reduce a prisoner's term of imprisonment "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable," if it finds that extraordinary and compelling reasons warrant such a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). But it is the "defendant's burden to show that his circumstances warrant a sentence reduction." United States v. Alonge, No. 21-13566, 2022 WL 1135533, at *1 (11th Cir. Apr. 18, 2022).

"Following the recent amendments to the sentencing guidelines, which went into effect on November 1, 2023, there are now six extraordinary and compelling reasons justifying relief under § 1B1.13: (1) the defendant's medical circumstances, (2) advanced age, (3) family circumstances, (4) whether the defendant is a victim of abuse, (5) 'other reasons,' and (6) whether the defendant received an unusually long sentence." United States v. Allen, No. 1:09-cr-320-TCB,

2024 WL 631609, at *2 (N.D. Ga. Feb. 12, 2024). Regarding the final category, § 1B1.13(b)(6) states: "If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances." U.S.S.G. § 1B1.13(b)(6). "However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction." U.S.S.G. 1B1.13(c).

In his Motion, Mr. Buckalew relies on the "unusually long sentence" category of extraordinary and compelling circumstances, considering "the First Step Act's profound, once-in-a-generation reductions to mandatory sentencing

4

ranges." (Doc. # 72 at 7-8). "As a preliminary matter, the Court rejects the government's position that USSG § 1B1.13(b)(6) 'is invalid because it conflicts with [S]ection 3582(c)(1)(A) and exceeds the Sentencing Commission's statutory authority.'" United States v. Davis, No. 8:12-cr-434-VMC-AEP, 2025 WL 903562, at *2 (M.D. Fla. Mar. 25, 2025) (citation omitted), appeal dismissed, No. 25-11411-B, 2025 WL 2078428 (11th Cir. May 15, 2025). As other courts have held, "the amendment to § 1B1.13 was within the Commission's power." United States v. Allen, No. 2:03-cr-74-JES-NPM, 2024 WL 4052904, at *3 (M.D. Fla. Sept. 5, 2024); see also United States v. Allen, 717 F. Supp. 3d 1308, 1315 (N.D. Ga. 2024) ("Because the Eleventh Circuit has never held that nonretroactive changes cannot be extraordinary and compelling reasons, this Court can accept § 1B1.13(b)(6)'s validity and applicability."); United States v. Ware, 720 F. Supp. 3d 1351, 1362 (N.D. Ga. 2024) ("[T]he Sentencing Commission lawfully exercised its authority in defining extraordinary and compelling reasons for compassionate release in Section 1B1.13(b)(6)'s amendment for unusually long sentences. Congress's delegation to the Sentencing Commission included ambiguous terms — i.e., extraordinary and compelling — and it reasonably interpreted these terms to include unusually long

sentences which can be assessed in the light of nonretroactive changes in law."). "To hold that courts cannot consider nonretroactive changes to sentencing laws as extraordinary or compelling reasons would require courts to ignore the policy statement that Congress explicitly directed the Commission to create." Allen, 717 F. Supp. 3d at 1315. Thus, the Court will consider the merits of Mr. Buckalew's argument under § 1B1.13(b)(6).

Mr. Buckalew contends that his sentence is unusually long and presents a gross disparity with the sentence that would be imposed today. The Court agrees. As Mr. Buckalew points out, "[i]f a defendant today committed the same conduct with the same record, that defendant would be facing a mandatory minimum sentence of 180 months (120 on the drug charge, plus 60 on the § 924(c) charge) and a Guidelines range of 151 to 188 months on the drug charge, which, when combined with the mandatory minimum 60-month consecutive sentence on the § 924(c), results in an overall Guidelines range of 211 to 248 months." (Doc. # 72 at 9). The Court agrees with Mr. Buckalew that "it is highly unlikely that a district judge today would vary upward to impose a 300-month sentence for engaging in his conduct with his record." (Id. at 9-10).

Additionally, before granting compassionate release, the Court must determine that the defendant is not a danger to any other person or the community, U.S.S.G. § 1B1.13(2), and that the 18 U.S.C. § 3553(a) factors favor early release. Notably, Section 3553(a) requires the imposition of a sentence that, among other things, protects the public, reflects the seriousness of the crime, considers the history and characteristics of the defendant, and the nature and circumstances of the offense. 18 U.S.C. § 3553(a).

Here, the Section 3553(a) factors weigh in favor of a sentence reduction. A 300-month sentence is more than necessary to protect the public and promote respect for the law under the circumstances. While Mr. Buckalew had multiple prior convictions, he had no prior drug dealing or firearm convictions. (Doc. # 72 at 11). While he does have concerning convictions for felony battery and battery on a law enforcement officer (Id. at 12), most of his convictions were non-violent in nature. Mr. Buckalew argues he has "shown exemplary rehabilitation while incarcerated," including completing his GED. (Id. at 13-14). He has "participated in numerous programming courses, including twice completing the Challenge Program," which is "a cognitive-behavioral, residential treatment program" for "high security inmates

7

with substance abuse problems and/or mental illnesses." (Id. at 14 & n.8); see also (Doc. # 72-2) (educational records); (Doc. # 72-3) (certificates from completed programs). Given his criminal history, years of incarceration, and rehabilitation in prison, the Court does not consider Mr. Buckalew a danger to the community at this time of his life. Thus, some reduction of his sentence is warranted.

The question is how long the sentence should be reduced. Mr. Buckalew requests a sentence of time served, such that he will have served only "about 122 months in day-for-day time and about 143 months in credited time" — significantly less than the current mandatory minimum of 180 months. (Doc. # 72 at 7, 10). A sentence of time-served, however, does not properly reflect the seriousness of Mr. Buckalew's crime, provide adequate deterrence, or promote respect for the law. Mr. Buckalew's crime was a serious one that warrants a long incarcerative sentence: Mr. Buckalew possessed with intent to sell significant quantities of methamphetamine and possessed a loaded firearm. (Id. at 11; Doc. # 75 at 1).

The Court is also troubled by Mr. Buckalew's multiple disciplinary infractions in prison, which contrast with his rehabilitation efforts. He committed three disciplinary infractions between December 2019 and April 2020: "possessing

8

a non-hazardous tool in December 2019 (tattoo paraphernalia), phone abuse in February 2020 (setting up a three-way call with his mother), and, most seriously, introduction of drugs/alcohol in April 2020 (attempting to smuggle K-2 into the institution)." (Doc. # 72 at 15; Doc. # 72-8; Doc. # 72-9; Doc. # 72-10; Doc. # 72-11). Mr. Buckalew committed two additional infractions a little over a year ago in late 2024: possessing a non-hazardous tool (10 cigarettes) on October 20, 2024, and giving or accepting money without authority (having his cellmate ask the cellmate's mother to transfer $55 into Mr. Buckalew's inmate account) on November 20, 2024. (Doc. # 72-8; Doc. # 72-12; Doc. # 72-13). While these infractions are non-violent, they suggest that a longer period of incarceration than time-served is necessary.

Nevertheless, Mr. Buckalew has family support that will aid him in reintegrating into society. When he is released, Mr. Buckalew "will reside with his mother and stepfather in Lakeland." (Doc. # 72 at 17). Likewise, he anticipates working for cousins or a family friend at various businesses they own, including HVAC, fire sprinkler, and construction companies. (Id.).

Balancing all these considerations, including the need to promote respect for the law and deter future crimes, the

Court determines that a sentence of 211 months' incarceration (151 months on Count One and 60 months consecutive on Count Two) is sufficient but not greater than necessary to achieve the purposes of sentencing. Again, Mr. Buckalew calculated that, if sentenced today, his sentencing guidelines range would be "an overall Guidelines range of 211 to 248 months." (Doc. # 72 at 9). The low-end of that range is the appropriate sentence here. All other conditions, including his 10-year term of supervised release, remain the same.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

(1) Defendant Jaimie Ray Buckalew's Motion for Reduced Sentence (Doc. # 72) is **GRANTED** in part.

(2) The term of imprisonment is reduced to 211 months with the term of supervised release remaining the same.

(3) The Clerk is directed to enter an amended judgment accordingly.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 23rd day of January, 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE